J.G. and R.G., on behalf
of N.G., Plaintiffs,

v.

**KIRYAS JOEL UNION FREE
SCHOOL DISTRICT,
Defendant.**

No. 08 CIV 6395–WGY.

United States District Court,
S.D. New York.

Feb. 8, 2012.

Gary S. Mayerson, Mayerson and Associates, New York, NY, for Plaintiffs.

Frederick J. Berman, Shebitz Berman & Cohen, P.C., New York, NY, for Defendant.

### Memorandum and Order

WILLIAM G. YOUNG, District Judge.[1]

## I. INTRODUCTION

This order is the banal capstone to an otherwise laborious case. The Court is asked to review two motions for attorneys' fees in a case that, prior to being litigated in federal court, had more than thirty days of administrative hearings and thousands of pages of administrative record. The present motions, however, are resolved easily. This Court denies both motions for attorneys' fees. This order incorporates the facts, detailed procedural history and conclusions of this Court's March 31, 2011 memorandum and order. *J.G. ex rel. N.G. v. Kiryas Joel Union Free Sch. Dist.*, 777 F.Supp.2d 606 (S.D.N.Y.2011).

1. Of the District of Massachusetts, sitting by

## A. Procedural History

On March 31, 2011, this Court entered an order granting summary judgment for the defendant Kiryas Joel Union Free School District ("the school district"). *Id.* at 658–59. In reaching summary judgment, the Court made a number of specific holdings.

1. This Court declined to compensate N.G.'s parents for the lapse in N.G.'s pendency entitlements. *Id.* at 644.

2. The Court found that any procedural violations by the school district were not sufficient to render the proposed individualized education plan inadequate, or deprive N.G. of any educational benefit. *Id.* at 646–47.

3. The Court did concur "that the equities support the SRO's order that an assistive technology evaluation be completed if N.G. has not already been subject to one." *Id.* at 647.

4. The Court did find that the school district failed to mainstream N.G. to the maximum extent appropriate, but ultimately concluded that the parents' unilateral private placement was not appropriate. *Id.* at 655–656.

5. Overall, the Court denied "N.G.'s parents' claim for declaratory relief and reimbursement for privately obtained related services, a classroom aide, a home-based intervention program, and extended day services." *Id.* at 658.

The plaintiffs moved for a ruling that they are substantially prevailing parties, and for partial attorneys' fees. Mot. for Attys' Fees 1, ECF No. 30. The defendant school district then filed a cross-motion for attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II), which provides for attorneys' fees where a plaintiff's

designation.

## II. ANALYSIS

### A. The Plaintiffs Are Not Prevailing Parties

 In any case brought under the Individuals with Disabilities Education Act ("IDEA"), a federal district court, "in its discretion, may award reasonable attorneys' fees" to certain prevailing parties. 20 U.S.C. § 1415(i)(3)(B)(i). In 2002, the Second circuit applied the Supreme Court's definition of "prevailing parties" from *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), to civil rights cases brought under IDEA. *J.C. v. Regional Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 124 (2d Cir.2002). *Buckhannon* held "that, to be a prevailing party, one must either secure a judgment on the merits or be a party to a settlement agreement that is expressly enforced by the court through a consent decree." *Id.* at 123. Although, the Second Circuit generously interprets the prevailing party in terms of the degree of relief required, a "purely technical or de minimis' victory, however, will not qualify a plaintiff as a prevailing party." *B.W. ex rel. K.S. v. New York City Dept. of Educ.*, 716 F.Supp.2d 336, 345–46 (S.D.N.Y.2010) (internal citations omitted).

 Nonetheless, attorneys for N.G. and his parents moved for partial attorneys' fees, costs and expenses and requested an adjudication that they were a "substantially prevailing party." Mot. for Attys' Fees, ECF No. 30. For seemingly obvious reasons, the plaintiffs did not prevail and cannot succeed. Although this Court found that the school district failed to mainstream N.G. to the maximum extent appropriate, N.G. did not win judgment on the merits on any issue, nor are the plaintiffs a party to a settlement agreement enforced by this Court. *See J.C.*, 278 F.3d at 124 (adopting *Buckhannon*'s definition of "prevailing parties" for IDEA cases).

This Court finds the Sixth Circuit's ruling in *Berger v. Medina City School District* persuasive when applied to this case. *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 526 (6th Cir.2003). In *Berger*, the court concluded that a plaintiff was not a "prevailing party" under IDEA even though they succeeded on demonstrating that the school district did not provide a free appropriate public education. *Id.* Because the plaintiffs in *Berger* were not entitled to reimbursement, they were not "prevailing parties." *Id.* Here, the Court is not requiring "perfect congruence between the relief requested and the relief obtained," *G.M. ex rel. R.F. v. New Britain Bd. of Educ.*, 173 F.3d 77, 83 (2d Cir.1999), but merely noting that there are no similarities whatsoever between plaintiffs' claims and this Court's rulings on the merits.[2]

### B. The School District Does Not Merit Attorneys' Fees

 Title 20 of the United States Code does provides for attorneys' fees "to a prevailing party who is a ... local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreason-

---

2. The Court does not intend to suggest that parties in civil rights litigation can never be "substantially prevailing parties" when they do not win outright (as Kiryas Joel Union Free School District did here), but merely that the facts and holdings of this case demonstrate that plaintiffs were not "substantially prevailing parties."

able, or without foundation . . . ." 20 U.S.C. § 1415(i)(3)(B)(i)(II). This Court is not prepared to hold that this motion was frivolous, and acknowledges that attorneys for the plaintiffs may have confused the thoroughness of the Court's opinion on the merits with partial success on the merits. This Court exercises its statutory discretion in holding that the school district's motion for attorneys fees is denied. *See* 20 U.S.C. § 1415(i)(3)(B)(i).

### III. CONCLUSION

The Court DENIES N.G.'s parents' motion for partial attorneys' fees, ECF No. 30, and DENIES Kiryas Joel Union Free School District's cross-motion for attorneys' fees related to this motion, ECF No. 37.

SO ORDERED.